IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 27 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-02000-BNB

DARRYL EDMOND THOMPSON,

Plaintiff,

v.

MURL McCULL, LPC, Employee #2050, S.O.T.M.P. Program QA Specialist,
MR. RICHARD LINS, LPC, Contract Worker #3464, S.O.T.M.P. Program QA Specialist, and
MR. KIRT CHAVEZ, Employee at D.R.D.C., Case Manager, Denver, CO.,

Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Darryl Edmond Thompson, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Thompson has filed *pro se* a Prisoner Complaint alleging that his rights have been violated. The court must construe the complaint liberally because Mr. Thompson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Thompson will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Thompson fails to set forth a short and plain statement of his claims showing that he is entitled to relief in this action because he fails to identify the specific claims for relief he is asserting against the named Defendants. It appears that Mr. Thompson has been classified as a sex offender on the basis of untried charges in North Carolina and that he does not agree with that classification. It also appears that Defendant Kirt Chavez asked Mr. Thompson about the untried charges in December 2006 at the Denver Reception and Diagnostic Center prior to Mr. Thompson's transfer to the Fremont Correctional Facility and that an administrative hearing was held in February

2007 at the Fremont Correctional Facility before Defendants Murl McCull and Richard Lins. Finally, it appears that, following the hearing, Mr. Thompson was recommended for sex offender treatment, that he has refused to participate in sex offender treatment, and that he is being denied certain privileges as a result of refusing to participate in sex offender treatment. What is not clear is the specific claims for relief Mr. Thompson is asserting on the basis of these facts. He does not allege how Defendants have violated his rights and he does not identify the rights allegedly violated by Defendants.

Therefore, Mr. Thompson will be ordered to file an amended complaint in order to clarify the claims he is asserting. Mr. Thompson is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Thompson file **within thirty (30) days from the date of this order** an original and sufficient copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Thompson, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Thompson fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction

3

within the time allowed, the action will be dismissed without further notice.

DATED October 27, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02000-BNB

Darryl Edmond Thompson
Prisoner No. 134268
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint form** to the above-named individuals on 10/27/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk