IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 3 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02000-BNB

DARRYL EDMOND THOMPSON,

Plaintiff,

v.

MURL McCULL, LPC, Employee #2050, S.O.T.M.P. Program QA Specialist,
MR. RICHARD LINS, LPC, Contract Worker #3464, S.O.T.M.P. Program QA Specialist, and
MR. KIRT CHAVEZ, Employee at D.R.D.C., Case Manager, Denver, CO.,

Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Darryl Edmond Thompson is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Thompson initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. On October 27, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Thompson to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rule of Civil Procedure. On November 14, 2008, Mr. Thompson filed an amended Prisoner Complaint pursuant to § 1983. He claims that his right to due process under the United States Constitution has been violated. He seeks damages as relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Thompson is a prisoner and he is seeking redress from officers

or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Thompson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

As noted above, Mr. Thompson claims that he has been denied due process. The due process claim is based on Mr. Thompson's classification as a sex offender following an administrative hearing in February 2007 at the Fremont Correctional Facility. Mr. Thompson alleges that he appeared before Defendants Murl McCull and Richard Lins at the February 2007 hearing and that Defendants McCull and Lins determined he was a sex offender based on untried charges against Mr. Thompson in North Carolina. Defendants McCull and Lins allegedly also recommended that Mr.

Thompson participate in sex offender treatment. Mr. Thompson contends that he has refused to participate in sex offender treatment and that he is being denied certain privileges as a result of refusing to participate in sex offender treatment.

Mr. Thompson does not assert any specific claim against Defendant Kirt Chavez. Mr. Thompson alleges that Defendant Chavez is a case manager at the Denver Reception and Diagnostic Center who asked Mr. Thompson about the untried charges in December 2006. Mr. Thompson further alleges that Defendant Chavez determined Mr. Thompson should be housed at the Fremont Correctional Facility, which Mr. Thompson contends was the first step in the process that led to his February 2007 administrative hearing and classification as a sex offender.

To the extent Mr. Thompson is asserting the same due process claim against Defendant Chavez that he is asserting against Defendants McCull and Lins, Defendant Chavez will be dismissed as a party to this action for lack of personal participation. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Thompson must show that Defendant Chavez caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant Chavez's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

Although Mr. Thompson alleges that he was transferred to the Fremont Correctional Facility by Defendant Chavez, he does not allege that he was classified as

a sex offender or denied due process because of his transfer to the Fremont Correctional Facility. Instead, Mr. Thompson's due process claim arises out of the February 2007 administrative hearing at which he was classified as a sex offender and his refusal to participate in sex offender treatment, which has led to the denial of certain privileges. Mr. Thompson does not allege that Defendant Chavez personally participated in the February 2007 administrative hearing or that Defendant Chavez has denied him any privileges. Therefore, because the facts alleged do not support an arguable due process claim against Defendant Chavez, the claim against Defendant Chavez will be dismissed as legally frivolous and Defendant Chavez will be dismissed as a party to this action.

The Court will not address at this time the merits of Mr. Thompson's due process claim against Defendants Murl McCull and Richard Lins. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the due process claim asserted against Defendant Kirt Chavez is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous and Defendant Kirt Chavez is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 3 day of Dec. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02000-BNB

Darryl Edmond Thompson
Prisoner No. 134268
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/3/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk