IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02000-REB-KLM

DARRYL EDMOND THOMPSON,

    Plaintiff,

v.

BURL McCULLAR, LPC, Employee #2050, S.O.T.M.P. Program QA Specialist, and
MR. RICHARD LINS, Contract Worker # 3464, S.O.T.M.P. Program QA Specialist,

    Defendant(s).

_____

### RECOMMENDATION OF UNITED STATE MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 20; Filed February 9, 2009] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.CivR. 72.1C, the Motion has been referred to this Court for recommendation. I have reviewed the Motion, **Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 33; Filed March 4, 2009], the Complaint, and the applicable case law and am advised in the premises.  For the reasons stated below, I RECOMMEND that the Motion be **GRANTED IN PART** and **DENIED IN PART**.

I. Background

Plaintiff is an inmate in the custody of the Colorado Department of Corrections ("CDOC").  He has brought this action pursuant to 42 U.S.C. § 1983 against CDOC employees Burl McCullar and Richard Lins, who work in the Sex Offender Treatment and

1

Management Program ("SOTMP") at the Fremont Correctional Facility. *Complaint* [#10] at 2.[1] Plaintiff claims that he has been erroneously classified as a sex offender on the basis of untried charges in North Carolina. *Id.* at 3. He alleges that an administrative hearing was held in March 2007 before the Defendants. *Id.* at 4. At the conclusion of the hearing, Defendants recommended that he be placed in the SOTMP, but Plaintiff refused to participate in the program. *Id.* at 3.  Because of his refusal, Plaintiff claims that "6 days a month" are being withheld from him. *Id.* He also states that he is being denied other unspecified privileges by the CDOC. *Id.* In addition, Plaintiff claims that he was denied legal representation at the administrative hearing in violation of his right to due process. *Id.* at 4. Plaintiff seeks $300,000.00 in damages for "mental dam[a]ge and wrongdoings" by the Defendants and restoration of the privileges denied him as a classified sex offender. *Id.* at 3, 9.

## II. Analysis

A.     Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present

---

[1] The claims against Defendant Kirt Chavez have been dismissed. *Order to Dismiss* [#11]

at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

Because Plaintiff is proceeding *pro se* the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

B. Favorable Termination Requirement

Defendants first argue that Plaintiff's due process claims are barred due to Plaintiff's failure to obtain a "favorable termination" of his sex offender classification in the state courts. *Motion* [#20] at 3. Defendants contend that a person cannot bring a § 1983 action based on an alleged invalid conviction or sentence unless the conviction or sentence has previously been invalidated, citing *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants argue that prior to bringing this action, Plaintiff must first obtain a favorable termination of his sex offender classification, as "Plaintiff explicitly alleges that his sex offender classification is causing earned time credit to be withheld from him" and earned time credit directly affects Plaintiff's length of confinement. *Motion* [#20] at 5-6.

*Heck v. Humphrey* involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest and ultimate

3

conviction. 512 U.S. at 479. In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The Supreme Court's holding in *Heck* has also been extended to prison disciplinary convictions that deprive a prisoner of good time credits. *See Edwards v. Balisok*, 520 U.S. 641 (1997). However, only claims which "necessarily implicate the fact or duration of" a prisoner's confinement are barred; claims that relate solely to a prisoner's "conditions of incarceration" are not subject to *Heck's* favorable termination requirement. *Torres v. Fauver*, 292 F.3d 141, 145 (3rd Cir. 2002). That is, the "assumption is that the incarceration that matters under *Heck* is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules." *Muhammad v. Close*, 540 U.S. 749, 752 n.1 (2004). *Heck* bars a collateral attack on prison disciplinary convictions only if the claim challenges the loss of a good time credit or if it is a collateral attack on the prisoner's underlying conviction. *Id.* at 754. The effect of disciplinary proceedings on good-time credits is a matter of state law or regulation. *Id.*

Plaintiff's claim is that as a result of his refusal to participate in SOTMP "6 days a month is being withheld" and that he is being denied "earned time credit." *Complaint* [#10] at 3, 9. CDOC Administrative Regulation 550-12 (IV)(H)(2) provides that inmates who are classified as sex offenders and are recommended to undergo sex offender treatment are not eligible for earned time credits if they refuse to participate in the SOTMP. *Motion* [#20],

Ex. B.[2]  Good time credits are rewarded to CDOC inmates for good behavior while in prison, and affect the date the inmate will be released. *Bynum v. Katusky*, 784 P.2d 735, 737-39 (Colo. 1989).  Earned time credits, on the other hand, are awarded to offenders who "demonstrate substantial and consistent progress in categories such as work and training, group living, participation in counseling and group sessions, educational programs, and progress towards goals established by the CDOC's diagnostic programs." Colo. Rev. Stat. § 17-22.5-302(1) and (2).  Earned time credits operate to reduce the term for which an inmate is sentenced. *Lusero v. Welt*, No. 06-cv-1214-WYD-KMT, 2008 WL 4306230, at *4 (D. Colo. Sept. 18, 2008).

The Court has reviewed the pleadings and the law.  Plaintiff's claim cannot be construed to assert that any good time or earned time credits were actually eliminated by Plaintiff's refusal to participate in SOTMP.  While Plaintiff may have lost the potential to receive earned time credits, the Court notes that this is merely a theoretical, and not an actual, loss.  According to the definition of earned time credits, these credits appear to be awarded on a discretionary basis related to the prisoner's participation in certain programs and for demonstrating certain behaviors.  Therefore, while Plaintiff *might have* received earned time credits were he in the SOTMP, there certainly seems to be no guarantee that he would necessarily have done so.

Defendants rely on *Fistell v. Neet*, where the Tenth Circuit held that a prisoner who sought restoration of earned time credits was attempting to "implicitly question . . . the duration of [his] sentence." 125 Fed. Appx. 219, 225 (10th Cir. Feb. 22, 2005) (unpublished

---

[2] The Court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Services Co.*, 748 F.2d 888, 889 (10th Cir. 1984).

decision) (citations omitted). However, the Court notes that in *Fistell*, the prisoner had suffered the actual loss of earned time credits and was seeking to restore them. *Id.* In the instant case, there is no allegation that Plaintiff has actually been deprived of any earned time credit, only that he has lost the theoretical potential to earn these credits. Therefore, "a favorable determination would not automatically entitle the prisoner to accelerated release," and Plaintiff's § 1983 claim may properly proceed. *Clarke v. Stadler*, 121 F.3d 222, 226 (5th Cir. 1997). Accordingly, the Court declines to dismiss on this ground, and will instead proceed to the merits of Plaintiff's due process claim.

      C.     Due Process

Plaintiff alleges that his right to due process was violated during his sex offender classification hearing because the CDOC officials relied on unresolved charges from North Carolina in making its decision, and denied him the right to counsel at the hearing. *Complaint* [#10] at 3-4.

Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). While it is true that "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," *Shaw v. Murphy*, 532 U.S. 223, 229 (2001), "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff*, 418 U.S. at 555-56. In general, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, a plaintiff must demonstrate that he possesses a protected liberty or property interest. *Id.* Second, a plaintiff must show the procedures utilized were inadequate under the circumstances. *Id.* at 1149.

The Constitution does not in itself create any liberty or property interest and therefore "[t]he Due Process clause standing alone confers no liberty interest in freedom from state action 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (citation omitted). Rather, liberty interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). For prisoners, a liberty interest is only found in a "restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

An inmate has a protected liberty interest in not being labeled a sex offender and is entitled to due process before receiving such a label. *Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1243 (10th Cir. 2000). The procedural requirements for a sex offender classification decision are set forth in *Wolff, supra*. *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004); *see also Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). Those requirements are: notice of the charges, an opportunity to present witnesses and evidence in defense of the charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Gwinn*, 354 F.3d at 1219. Additionally, due process requires "some evidence" to support the decision and an impartial decisionmaker. *Wolff*, 418 U.S. at 592.

Plaintiff challenges the evidence relied on by Defendants to classify him as a sex offender. In determining whether a factfinder's decision is supported by sufficient evidence,

the court need not conduct an "examination of the entire record, independent assessment of witnesses' credibility or weighing of the evidence. Instead, the relevant question is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). The decision can be upheld if the evidence supporting the decision is "meager." *Id.* at 457. For example, the decision can be supported by hearsay evidence in a presentence report, *Gwinn*, 354 F.3d at 1219, or an uncorroborated incident report, *Longstreth v. Franklin*, 240 Fed. Appx. 264, 267 (10th Cir. 2007)(unpublished decision). Due process does not require that the evidence supporting a disciplinary charge be "overwhelming or unambiguous." *Starkweather v. Archuleta*, No. 06-cv-01289-WDM-BNB, 2008 WL 2323878, at *3 (D. Colo. June 4, 2008).

Defendants contend that Plaintiff has failed to state a due process claim because prison officials may rely on "information concerning sex offense charges in other jurisdictions." *Motion* [#20] at 9. Defendants have failed to specify the information supposedly relied upon by prison officials. There is absolutely nothing in the record about the nature of the charges against Plaintiff in North Carolina. His complaint refers to an "alleged crime," "accusational charges that I didn't know nonething [sic] about at that time," and "a [sic] unproven accusation." *Complaint* [#10] at 3-6, 8. These allegations must be viewed in a light most favorable to Plaintiff on a Motion to Dismiss.

In sum, Defendants provide nothing other than conclusory allegations about the information that prison officials relied on to support their conclusion that Plaintiff should be classified as a sex offender. Plaintiff provides no information either, aside from admitting that he was charged with *some* crime in North Carolina, and that prison officials apparently based their decision on that charge. The Court has reviewed all publicly available

documents, as is appropriate on a motion to dismiss, and finds no evidence relating to the charge against Plaintiff in North Carolina. On this record, the Court must find that Plaintiff has stated a claim for a due process violation.

If Defendants eventually provide the evidence to establish that prison officials based their decision that Plaintiff is a sex offender on a sex-based criminal charge against Plaintiff in North Carolina, then it is not likely that Plaintiff's due process claim will survive. However, given the state of the record at this juncture, the Motion to Dismiss is denied on the grounds of failure to state a claim.[3]

D. Physical Injury Requirement

Plaintiff is seeking $300,000 in compensatory damages for "mental dam[a]ge. *Complaint* [#10] at 9. Defendant moves to dismiss this claim for relief on the ground that Plaintiff has not asserted any physical injury in his complaint.

The Prison Litigation Reform Act states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Pursuant to 42 U.S.C. § 1997e(e), Plaintiff's "suit cannot stand unless [he] has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *see also Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (holding that § 1997e(e) bars compensatory "damages for mental and

---

[3] Plaintiff's other due process claim is that he was unconstitutionally denied the right to an attorney at his sex offender classification hearing. Prisoners do not "have a right to either retained or appointed counsel in disciplinary hearings." *Wolff*, 418 U.S. at 570. There is also no right to counsel at a sex offender classification hearing. *See Gwinn*, 354 F.3d at 1220. Defendants did not violate Plaintiff's constitutional rights in refusing his request for an attorney.

emotional injuries in the absence of physical injury"). Here, Plaintiff does not request compensatory damages for a physical injury. He has only alleged a mental injury as a result of Defendants' conduct. Therefore, his claim for monetary damages must be dismissed pursuant to § 1997e(e) .

    E. Qualified Immunity

Defendants assert that they are entitled to qualified immunity to suit on Plaintiff's claims. Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity also offers protection from trial and other burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Court's analysis of qualified immunity in the context of a 12(b)(6) motion is a two step process. The threshold inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*

The question of whether the constitutional right was clearly established must be asked in "the context of the particular case before the court, not as a general, abstract matter." *Simkins v. Bruce*, 406 F.3d 1239, 1241 (10th Cir. 2005). That is, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [in the defendant's position] that his conduct was unlawful

in the situation he confronted." *Saucier*, 533 U.S. at 202; *see also Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).  In order for a constitutional right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other circuits must establish the constitutional right.  *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).  In other words, there must be caselaw in which a constitutional violation was found based upon similar conduct.  *See Callahan v. Millard County*, 494 F.3d 891, 903 (10th Cir. 2007).

As noted above, the Plaintiff has alleged that his right to due process was violated because the Defendants relied on insufficient evidence in classifying him as a sex offender.  Plaintiff has sufficiently alleged a due process violation.  A prisoner has the right to due process at a sex offender classification hearing.

Since Plaintiff has alleged a constitutional violation, the Court must determine whether there is caselaw from this jurisdiction, the Supreme Court or the "clear weight of authority" that would lead the Defendants to believe that their conduct was unconstitutional.  In *Chambers v. Colo. Dep't of Corrections, supra*, the Tenth Circuit held that an inmate is entitled to due process before being classified as a sex offender. *Chambers*, 205 F.3d at 1243. Following *Chambers,* the Tenth Circuit set forth the due process requirements in *Gwinn, supra*.  Among other rights, due process requires "some evidence" to support the prison officials' decision in a sex offender classification hearing.  *Gwinn*, 354 F.3d at 1219.

The *Chambers* and *Gwinn* decisions were issued in 2000 and 2004, respectively. The due process requirements, including the need for sufficient evidence to support a decision, were clearly established before Plaintiff's classification hearing in 2007. Defendants should have known that Plaintiff's due process rights were violated when they

allegedly relied on a pending crime in another jurisdiction as a basis for finding Plaintiff to be a sex offender.  Therefore, Defendants are not entitled to qualified immunity.

### III. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that the Defendants' Motion to Dismiss [#20] be **GRANTED IN PART** and **DENIED IN PART.**  I **RECOMMEND** that Defendants' Motion to Dismiss based on 42 U.S.C. § 1997e(e) be **granted** and that Plaintiff's claim for monetary damages be **dismissed,** and that Defendants' Motion to Dismiss based on *Heck v. Humphrey*, Fed. R. Civ. P. 12(b)(6), and qualified immunity be **denied**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 12, 2009

                                                                        BY THE COURT:
                                                                        s/ Kristen L. Mix
                                                                        U.S. Magistrate Judge

Kristen L. Mix