IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02000-REB-KLM

DARRYL EDMOND THOMPSON,

     Plaintiff,

v.

BURL McCULLAR, LPC, Employee #2050, S.O.T.M.P. Program QA Specialist, and
MR. RICHARD LINS, Contract Worker # 3464, S.O.T.M.P. Program QA Specialist,

     Defendant(s).
_____

**RECOMMENDATION OF UNITED STATE MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Summary Judgment** [Docket No. 47; Filed October 30, 2009] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.CivR 72.1C.3., the Motion has been referred to this Court for recommendation. I have reviewed the Motion, the Amended Complaint, and the applicable case law and am advised in the premises.  Plaintiff has not filed a response to the Motion.[1]  For the reasons stated below, I RECOMMEND that the Motion be **GRANTED** and that judgment be entered in favor of Defendants.

I. Background

Plaintiff is an inmate in the custody of the Colorado Department of Corrections ("CDOC").  He has brought this action pursuant to 42 U.S.C. § 1983 against CDOC employees Burl McCullar and Richard Lins, who work in the Sex Offender Treatment and

---

[1] Plaintiff's response to the Motion was due November 20, 2009.

Management Program ("SOTMP") at the Fremont Correctional Facility.  *Amended Complaint* [#10] at 2.[2]  Plaintiff claims that he has been erroneously classified as a sex offender on the basis of untried charges in North Carolina.  *Id.* at 3.  He alleges that an administrative hearing was held in March 2007 before the Defendants.  *Id.* at 4.  Plaintiff claims that at the conclusion of the hearing, Defendants recommended that he be placed in the SOTMP, but Plaintiff refused to participate in the program.  *Id.* at 3.  Because of his refusal, Plaintiff claims that "6 days a month" are being withheld from him.  *Id.* He also states that he is being denied other unspecified privileges by the CDOC.  *Id.*  In addition, Plaintiff claims that he was denied legal representation at the administrative hearing in violation of his right to due process.  *Id.* at 4.  Plaintiff seeks $300,000.00 in damages for "mental dam[a]ge and wrongdoings" by the Defendants and restoration of the privileges denied him as a classified sex offender.  *Id.* at 3, 9.

## II. Analysis

### A.    Standard of Review

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).  A fact is material if it might

---

[2] The claims against Defendant Kirt Chavez have been dismissed.  *Order to Dismiss* [#11].

affect the outcome of the suit pursuant to the governing substantive law. *Id.*

The movant must show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. After the movant has met his initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

"[I]f the opposing party" does not respond to a motion for summary judgment, "summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). However, because Plaintiff has submitted his Amended Complaint sworn under penalty of perjury [#10 at 8], the Court may treat it as an affidavit. *Green v. Branson*, 108 F.3d 1296, 1301 n.1 (10th Cir. 1997); *see also Conaway v. Smith*, 853 F.2d 789, 792 (10th

Cir. 1988) ("Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)."). "Rule 56(e) requires that the affidavit be based on personal knowledge, contain facts which would be admissible at trial, and show that the affiant is competent to testify on the matters stated therein." *Conaway*, 853 F.2d at 792.

Where the Court treats a verified complaint as an affidavit, whether this affidavit in opposition to summary judgment is "sufficient to create a genuine issue of material fact must be evaluated in light of the principle that 'conclusory allegations without specific supporting facts have no probative value.'" *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (quoting *Evers v. GMC*, 770 F.2d 984, 986 (11th Cir. 1985)). That is, "there may be cases where the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's burden . . ., especially when the allegations contained in the pleading are merely conclusory." *Conaway*, 853 F.2d at 792-93; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990) (finding that an affidavit merely stating conclusory allegations is insufficient to withstand a defendant's properly supported motion for summary judgment). "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." *Southway*, 149 F. Supp. 2d at 1273. That is, Plaintiff must present evidence that is "based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." *Id.* at 1274 (quotation omitted).

Because Plaintiff is proceeding *pro se* the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

B.      Due Process

Plaintiff alleges that his right to due process was violated during his sex offender classification hearing because the CDOC officials relied on unresolved charges from North Carolina in making its decision, and denied him the right to counsel at the hearing. *Amended Complaint* [#10] at 3-4.

Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). While it is true that "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," *Shaw v. Murphy*, 532 U.S. 223, 229 (2001), "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff*, 418 U.S. at 555-56. In general, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, a plaintiff must demonstrate that he possesses a protected liberty or property interest. *Id.* Second, a plaintiff must show the procedures utilized were inadequate under the circumstances. *Id.* at 1149.

The Constitution does not in itself create any liberty or property interest and therefore "[t]he Due Process clause standing alone confers no liberty interest in freedom

from state action 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (citation omitted).  Rather, liberty interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).  For prisoners, a liberty interest is only found in a "restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

An inmate has a protected liberty interest in not being labeled a sex offender and is entitled to due process before receiving such a label. *Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1243 (10th Cir. 2000).  The procedural requirements for a sex offender classification decision are set forth in *Wolff, supra. Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004); *see also Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997).  Those requirements are: notice of the charges, an opportunity to present witnesses and evidence in defense of the charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Gwinn*, 354 F.3d at 1219.  Additionally, due process requires "some evidence" to support the decision and an impartial decisionmaker. *Wolff*, 418 U.S. at 592.

Plaintiff challenges the evidence relied on by Defendants to classify him as a sex offender.  In determining whether a factfinder's decision is supported by sufficient evidence, the court need not conduct an "examination of the entire record, independent assessment

6

of witnesses' credibility or weighing of the evidence.  Instead, the relevant question is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).  The decision can be upheld if the evidence supporting the decision is "meager." *Id.* at 457.  For example, the decision can be supported by hearsay evidence in a presentence report, *Gwinn*, 354 F.3d at 1219, or an uncorroborated incident report, *Longstreth v. Franklin*, 240 Fed. Appx. 264, 267 (10th Cir. 2007)(unpublished decision).  Due process does not require that the evidence supporting a disciplinary charge be "overwhelming or unambiguous." *Starkweather v. Archuleta*, No. 06-cv-01289-WDM-BNB, 2008 WL 2323878, at *3 (D. Colo. June 4, 2008).

Defendants contend that Plaintiff has not demonstrated a due process violation because prison officials may rely on information concerning sex offense charges in other jurisdictions and that an actual conviction on sex offender charges is not required.  *Motion* [#47] at 13-14.  The Amended Complaint contends that the evidence relied upon by Defendants to classify him as a sex offender refers to an "alleged crime," "accusational charges that I didn't know nonething [sic] about at that time," and "a [sic] unproven accusation." *Amended Complaint* [#10] at 3-6, 8.

Plaintiff was advised by the CDOC that it determined that he was a sex offender based on the following information:

> According to the Kings Mountain Police Department in North Carolina you have four active warrants for First Degree Sex Offense on a Child (02CR057591), (02CR057592), (02CR057593), (02CR057594) and two active warrants for Indecent Liberties With a Child (02CR057596),  (02CR057595). All six warrants are Non-Extraditable. It is to be noted that it is unclear as to witch [sic] boy was 5 and which boy was 3 in the case because it does not state names in the police report. The only record of the victim's names is on the warrants. Both were under 13 as stated by the

warrants. It is also to be noted that during a phone conversation with the detective she stated that "this is definitely a prosecutable case."

According to an Incident/Investigation Report (OCA # 2002- 17224) provided by The Kinds Mountain Police Department you sexually assaulted the two boys _____ and _____ age 3 and 5. The victim's mother reported to the police she witnessed her children engaging in fondling behaviors. The victim's [sic] mother questioned her children as to why they were engaging in sexual behavior. They stated that you had forced them to put your penis in their mouths. The victims also told their mother you penetrated their anus [sic]. You then told them you would kill their mother with a gun if they told anybody. The victim's mother then reported you to the police.

The same police report states the oldest victim told his grandmother his anus had been bleeding on a previous occasion. The victims also told the same account of what happened to the police. The victims were taken to the Sexual Assault Center in Charlotte.

*Motion* [#47] Ex. A-2 at 5.

As noted above, an incident report may be evidence sufficient to comply with due process.  It is clear that the information contained in the police reports from North Carolina supports the finding that Plaintiff is a sex offender.  An inmate who has not been convicted of a sex offense may be classified as a sex offender if he receives due process under the *Wolff* standard.  *Gwinn*, 354 F.3d at 1218-19.

Plaintiff's other due process claim is that he was unconstitutionally denied the right to an attorney at his sex offender classification hearing.  Prisoners do not "have a right to either retained or appointed counsel in disciplinary hearings." *Wolff*, 418 U.S. at 570.  There is also no right to counsel at a sex offender classification hearing.  *See Gwinn*, 354 F.3d at 1220.  Defendants did not violate Plaintiff's constitutional rights in refusing his request for an attorney.  Defendants are entitled to summary judgment on the due process claim.

C.    Personal Participation

Defendants assert that Plaintiff has failed to state a viable claim because Defendants

8

had no "personal participation" in the constitutional violation.  Evidence of a party's personal participation in an alleged constitutional violation is essential to proceeding with a § 1983 claim against that party.  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff's alleged constitutional violation is that he was deprived of due process before being classified as a sex offender.

According to Plaintiff, Defendants are both employed in the STOMP as Quality Assurance Specialists.  *Amended Complaint* [#10] at 2.  Defendant Lins asserts that he is a Quality Assurance Supervisor.  *Motion* [#47] Ex. A-2 ¶ 2.  Plaintiff alleges that Defendants "tried (sic) to incriminate me by using false accusational out of state charges" and "recorded my words and twisted them, in order to use them against me, instead of helping me clear my name."  *Amended Complaint* [#10] at 2, 4.  In his unchallenged affidavit, Defendant Lins asserts that neither he nor Defendant McCullar were members of the board that presided over Plaintiff's sex offender classification hearing.  *Motion* [#47] Ex. A-2 ¶ 6.  Defendant Lins also asserts that he had no personal involvement in the administrative review process challenged by Plaintiff.  *Id.* at ¶ 7.

An affirmative link must exist between the alleged constitutional violation and the Defendant's participation, control or direction.  *Bennett*, 545 F.2d at 1262-63; *Whitelow v. Stanley*, 06-cv-02256-ZLW-MEH, 2007 WL 4268961, at *6 (D. Colo. Nov. 28, 2007) (unpublished decision).  Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a constitutional claim against a defendant.  *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996).  Instead, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and what specific legal

9

right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

To the extent that Plaintiff's claim against Defendant Lins is based on his supervisory position in the STOMP, Plaintiff has not demonstrated Defendant Lins' liability under § 1983.  Plaintiff's claim must be based upon more than the mere allegation that because an individual is a supervisor, he is also responsible for Plaintiff's alleged injuries.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399-00 (10th Cir. 1992) (noting that in order to plead the liability of a supervisor, a plaintiff must show he personally directed the alleged offensive conduct or knew plaintiff's rights were being violated but did not prevent it); *Benglen v. Zavaras*, 7 F. Supp. 2d 1171, 1173-74 (D. Colo. 1998) (requiring an "affirmative link" between supervisor's own conduct and the alleged violation).  "Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)).

Plaintiff has failed to provide any evidence of the personal participation of Defendant McCullar or Lins in the sex offender classification process or an "affirmative link" between any conduct attributable to them and the alleged due process violation.  Plaintiff has not satisfied his pleading burden. *See Jojola v. Chavez*, 55 F.3d 488, 490-91 (10th Cir. 1995). Therefore, Defendants should be granted summary judgment.

D.    Qualified Immunity

Defendants assert that they are entitled to qualified immunity to suit on Plaintiff's

claims.   Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known.   *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   Qualified immunity also offers protection from trial and other burdens of litigation. *See Mitchell v.  Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity only applies to damages and not to declaratory or injunctive relief. *Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1223 n. 3 (10th Cir. 2002).  Because the Court has dismissed Plaintiff's claim for monetary damages based on 42 U.S.C. § 1997e(e) [#45], the qualified immunity issue is moot.   Nevertheless, I will address Defendants' argument.

The Court's analysis of qualified immunity in the context of a 12(b)(6) motion is a two-part process. One part of the inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation.   *Saucier v. Katz*, 533 U.S. 194, 201 (2001).   "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."   *Id.*   However, "if a violation could be made out on a favorable view of the parties' submissions, the next ... step is to ask whether the right was clearly established." *Id.*

In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held  that a court may review these factors in any order, using its discretion to determine which of the factors should be reviewed first in light of the circumstances of the case. *Id.* at 818. As I have concluded above, Plaintiff has not stated a tenable § 1983 claim for any of the constitutional violations alleged in the Amended Complaint. Therefore, it is unnecessary to consider the second prong of the qualified immunity analysis. *See Saucier*, 533 U.S. at 201.  Defendants

are entitled to qualified immunity on Plaintiff's claims for monetary relief.

III. Conclusion

For the reasons stated above, I conclude that under Fed. R. Civ. P. 56, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law. Accordingly,

IT IS **RECOMMENDED** that Defendants' Motion be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that judgment be entered in favor of Defendants.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:   December 11, 2009

BY THE COURT:
 s/ Kristen L. Mix

12

U.S. Magistrate Judge
Kristen L. Mix